IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER ROSS, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | No. CA 18- CV-217 |
| vs. | : | |
| | : | FILED |
| SCRANTON HOUSING AUTHORITY, | : | SCRANTON |
| Defendant | : | FEB 0 1 2018 |

PER _____ DEPUTY

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

I.  **PRELIMINARY STATEMENT**

1. Jennifer Ross brings this action seeking declaratory injunctive relief against the Scranton Housing Authority for failing to properly notify her of the termination of her Section 8 Voucher. As well as a failure by the Scranton Housing Authority to provide a grievance hearing to enable Jennifer Ross, to defend herself against the information provided against her status in the Section 8 Housing Voucher program that ended with her termination from that program on November 30, 2017.. Ms. Ross asserts, that the Scranton Housing Authority by terminating her Section 8 Housing Choice Voucher benefits, violated her due process protections secured by the United States Constitution, the United States Housing

Act of 1937, as amended, 42 U.S.C. § 1437 *et seq*., the pertinent Federal

Regulations promulgated by the United States Department of Housing and Urban

Development and the Pennsylvania Local Agency Law.

2.  In violation of clear legal authority the SHA, violated the established

policies and practices pertaining to the termination of a participant from the

Section 8 Housing Voucher Program. Although the Scranton Housing Authority

did initially notify the Plaintiff in September of their intentions to terminate her

from the Section 8 Voucher program, the Plaintiff requested a grievance hearing to

contest that decision. The Defendant, pursuant to the request of the Plaintiff,

convened an informal hearing on October 26, 2017 conducted by Karl P. Lynott,

the Deputy Executive Director of the Scranton Housing Authority. Following the

October 26 informal hearing, a decision was issued by Karl P, Lynott, directing,

that the Plaintiff must complete her re-certification and inspection of her apartment

by November 3, 2017. The decision went on to indicate, that her Section 8

Voucher would remain terminated for October 31, 2017 if she had not completed

the re-certification and inspection of her apartment by November 3, 2017.

(Plantiff's Exhibit A)   The decision itself is contradictory in that the determination

was initially made to terminate her Section 8 Voucher for October 31 even though

she was given until November 3 to rectify her status and remain in the Section 8,

by completing her re-certification and completing an inspection of her apartment.

Ms. Ross completed the inspection of her apartment in early November and completed her re-certification. However there was one unanticipated problem. When Ms. Ross met with the SHA staff, in an attempt to complete the re-certification, the housing authority requested that her 22 year old was required to sign the recertification documents to complete the recertification process. After several requests by the Plaintiff to her niece, to meet at the Housing Authorithy offices to sign the documents her niece failed to do so. the Plaintiff then asked that her niece to leave her home and she did so prior to the end of November. As an adult, Plaintiff had no legal authority over the niece to demand that she sign the recertification paperwork. The SHA could have removed the niece as a participant without terminating the entire Ross household.

3. Following the September 26th hearing, the Plaintiff received information from her landlord that her rent for the month of November was paid and so, the Plaintiff assumed that she completed all of the directives outlined in the October 27 decision and her Section 8 voucher was not terminated. However, during the middle part of November the Plaintiff was told by her landlord, that he had received a telephone call that the Scranton Housing Authority was planning to terminate her Section 8 lease effective November 30, 2017 and further, that the landlord now expected her to pay the regular monthly rent in the amount of seven hundred dollars beginning in December. Under the terms of the Plaintiff's Section

8 Voucher Program, Plaintiff portion of the rent was zero based on her family composition and her monthly income, which amounted to four hundred and ninety-seven dollars from Public Assistance. The Plaintiff had received no notification from the Housing Authority that they had terminated her from the program. After learning that her voucher was terminated, the Plaintiff contacted the Hearing Officer, Deputy Director, Karl P. Lynott. He told her that he was unaware that her voucher had been terminated and he told the Plaintiff that she should contact the Recertification Worker Marsha Beck. Ms. Ross then contacted the worker and informed her that her niece had moved out. When Plaintiff contacted Ms. Beck, she was told there was nothing she could do, she no longer had her file. Further, the Plaintiff was never informed that she now could request an informal grievance hearing to provide her an opportunity to dispute this termination.

4. Ms. Ross had been a tenant under the SHA's Section 8 Housing Choice Voucher program for the past eleven years and had previously been employed in 8 of those years. Presently, based on her family composition and monthly income, she would remain eligible to be a participant in the Section 8 Voucher Program.

5. The Plaintiff, in a desperate attempt to have her Section 8 Voucher retained North Penn Legal Services, Inc., who on her behalf sent a letter on December 1, 2017 providing information to the Hearing Officer, Karl P. Lynott that the Plaintiff's niece had moved from the apartment during the month of

November. (Plaintiff's Exhibit B) North Penn Legal Services on behalf of Jennifer Ross requested an informal grievance hearing by letter on December 29, 2017. (Plaintiff's Exhibit C) Plaintiff's request for an informal grievance hearing to challenge the November 30 termination of her Section 8 Voucher, was not granted by the Scranton Housing Authority. Without the opportunity for an additional grievance hearing, Ms. Ross, was denied the opportunity to challenge the legal and factual merits of the SHA's decision to terminate her participation in the Section 8 Housing Voucher Program thus violating her due process protections secured by the United States Constitution, the United States Housing Act of 1937 and the pertinent Federal Regulations promulgated by the United States Department of Housing and Urban Development. Hearing Office Karl Lynott did on January 10 provide to Plaintiff's counsel another copy of his October 27th decision that had handwriting over it indicating Plaintiff did not recertify properly and therefore she was terminated. (Plaintiff's Exhibit D). The handwritten portion was signed J.Z.

6. The Defendant's policies and practices in terminating tenant's participation in a Section 8 Voucher Choice Program require reasonable steps to ensure that all tenants are afforded advanced written notice of threatened action, the reasons therefore in a pre-termination opportunity to grieve the threatened termination of their Section 8 benefits. The initial decision rendered on October 27, 2017 was at best a provisional order. The Hearing Officer provided contingencies

for the Plaintiff to meet her obligations under her Section 8 Voucher Program requirements. The October 27, 2017 order could not be considered final in that is was dependent upon future occurrences to either occur or not occur following the grievance hearing and therefore the SHA violated their own policies, practices and procedures without properly notifying the Plaintiff in writing of their decision to pursue a new termination date of November 30 and their failure denied the Plaintiff the opportunity to express to the Housing Authority that she had complied with the directives contained in the October 27 decision, thus Ms. Ross was denied her due process rights to notice and a hearing guaranteed by the Fourteenth Amendment.

7. By this action, Ms. Ross seeks declaratory judgement. The Defendant's conduct, policies and practices in the foregoing violate the due process clause of the Fourteenth Amendment of the United States Constitution, the United States Housing Act and its regulations, the SHA's own written policies and the Pennsylvania Local Agency Law. Ms. Ross additionally seeks immediate and permanent injunctive relief against the Defendants to prevent them from refusing or denying Ms. Ross's reinstatement to and continued participation in the Section 8 Housing Choice Voucher Program without first affording her advanced written notice of any further threats of terminations and reasons therefor, and without first

affording Ms. Ross the right to grieve such threatened termination before an impartial adjudicator.

8. Ms. Ross additionally seeks damages arising from the Defendants' unlawful and unconstitutional conduct.

## II.    JURISDICTION AND VENUE

9. This court possesses the jurisdictional authority pursuant to 42 U.S.C. §1983 to redress the rights, privileges and immunities secured by the Constitution and laws of the United States. This action arises under the Fourteenth Amendment to the Constitution of the United States, the United States Housing Act of 1937, as amended, 42 U.S.C. §1437 *et seq.*, HUD regulations governing the Section 8 Voucher Program at 24 C.F.R. §892, and the Pennsylvania Local Agency Law, 2 Pa. C.S. §551 *et seq.*

10. This Court has original jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §

11. Declaratory relief is authorized by 28 U.S.C. §2201 and F.R.Civ.P. 57.

12. Injunctive relief is authorized by 28 U.S.C. §2202 and F.R.Civ.P. 65.

13. Venue is proper in the Middle District of Pennsylvania under 28 U.C. §1391 because it is the Judicial District in which all of the events or omissions

giving rise to the Plaintiff's claims occurred and in which the Defendant's principal place of business is located and where it conducts business.

## III.   PARTIES

14.   The Plaintiff, Jennifer Ross, is a citizen of the United States and resident of Lackawanna County, Pennsylvania. She is a single mother of three minor children. For approximately the last eleven years, the Plaintiff and her children have maintained an apartment under the Section 8 Housing Choice Voucher Program that is conducted by the Scranton Housing Authority. Ms. Ross and her household, have been found eligible for and have participated in the Housing Voucher Program pursuant to Section 8 of the United States Housing Act of 1937, as amended by 42 U.S.C. §1437f.

15.   Defendant Scranton Housing Authority (SHA) is a public non-profit corporation with its central business office located at 400 Adams Avenue, Scranton, PA 18503. The SHA is charged with the responsibility, *inter alia*, to operate and manage the federally regulated and subsidized residential tenant Section 8 Housing Choice Voucher Program. The Section 8 program grants to indigent renters and their family, monthly rent subsidies to landlords of privately owned residential properties to enable low income people the opportunity to afford

safe and adequate housing. At all times relevant to this action, the SHA acted by and through its duly authorized agents and/or employees who acted within the scope and course of their employment and under color of state law.

## IV.   **LEGAL FRAMEWORK**

16.  In 1937, Congress enacted the United States Housing Act, to remedy the unsafe housing conditions and the acute shortage of decent and safe dwellings for low-income families. The goal of the Housing Act was to promote the goal of decent and affordable housing for all citizens. 42 U.S.C. §1437(a).

17.  The Section 8 Housing Choice Voucher Program, codified at 42 U.S.C. §1437f, was established in 1983 pursuant to the Housing and Community Development Act of 1974. The purpose of the Housing Choice Voucher Program is to aid "lower income families in obtaining a decent place to live and of promoting economically mixed housing…"42 U.S.C. §1437f(a). The program provides monthly rental assistance payments to owners/landlords of privately owned residential properties.

18.  Once a tenant household has been accepted by the local Housing Authority, the SHA may terminate the tenant's participation in the Program only if and as authorized by the Housing Act and the pertinent HUD regulations, 24 C.F.R. §982.454 and 982.552.

19. Before terminating a tenant's participation in the Housing Choice Voucher Program due to alleged action or failure to act by member of the participant family, the Housing Authority must first provide to the tenant a written notice of its intended termination and the reasons thereof and a pre-termination opportunity for the participant to appear at an informal grievance hearing to object to the proposed termination. 42 U.S.C. §1437d(k); 24 C.F.R. §982.555.

20. In addition to its duty to comply with the pertinent federal statutory provisions and regulations, the local Housing Authority must adopt an "administrative plan" which "establishes local policies for administration of the program in accordance with HUD requirements. 24 C.F.R. §982.54(a). Under the Section 8 Housing Voucher Program, the local Housing Authority must afford the participants the right to an informal grievance hearing before the Housing Authority is permitted to terminate the tenant from the Section 8 Program.

21. Further, the Fourteenth Amendment's Due Process Clause compels the SHA, to comply with its own properly promulgated rules, regulations and procedures as well as the SHA's obligation to comply with Pennsylvania Local Agency Law, 2 Pa.C.S.§5551 *et seq*. *T&R Painting Co. v Philadelphia Housing Authority*, 466 Pa. 493, 495 (Pa. 1976). (Public housing authority is a local agency within meaning of the Local Agency Law).

22. Pennsylvania Local Agency Law provides that no adjudication of a local agency shall be valid as to any party unless he shall be afforded reasonable notice of a hearing and an opportunity to be heard. 2 Pa.C.S. §553.

23. In *Goldberg v. Kelly,* 397 U.S. 254 (1970) the Court found that Section 8 Housing Voucher Program a protected property interest for citizens and it would be denial of the Due Process Clause of the Fourteenth Amendment to deny a participant a right to a pre-determination notice and an opportunity to object.

## V.    **STATEMENT OF FACTS**

24. Ms. Ross and her family have participated in the Section 8 Voucher Program administered by the SHA for a period of more than eleven years.

25. Ms. Ross and three minor children entered into the Lease under the Section 8 Housing Voucher Program to rent the property located at 235 West Parker Street, Scranton, PA. Under the rent subsidies provided by the SHA, the market rent for the apartment was seven hundred dollars with the Plaintiff's family share being zero because of her sole source of income being four hundred and ninety-six dollars in cash assistance benefits.

26. While Ms. Ross did receive notice of the SHA's plan to terminate her Section 8 benefits effective October 31, she requested and received an informal grievance hearing at which time, a provisional decision was issued by the SHA

outlining two tasks that she needed to accomplish in order to continue as a participant in the Section 8 Voucher Program. Those tasks were to complete her recertification and to have her apartment properly inspected. Ms. Ross, following the September 26 hearing, met with the SHA staff and arranged for the inspection of her apartment located at 235 West Parker Street, Scranton, PA. Further, Ms. Ross met with staff to complete her recertification. Ms. Ross believes that she made a good faith attempt to comply with all of the requirements however Plaintiff had a 22 year old niece who resided with her family for four years. However the niece who had signed the recertification papers in the past refused to do so. . Since Ms. Ross, had no legal control over a twenty-two year old niece, her only option was to request that the niece would have to leave the home. The niece moved out prior to her Section 8 termination, which was effective November 30, 2017.

27.  The SHA, failed to notify Ms. Ross that her participation in the Section 8 Voucher Program would end on November 30, 2017. It was only after her landlord informed her that her Voucher was terminated, that is when Ms. Ross first became aware that she lost the benefits of the Section 8 program.

28.  The SHA violated their own policies and procedures as well as those of HUD and the Pennsylvania Local Agency Law by failing to provide adequate notice to the Plaintiff, that her Section 8 Voucher would be terminated on November 30. Further, because of the lack of notice the Plaintiff, did not have the

right to review any evidence provide by the staff of the SHA against her, nor did she have the opportunity to defend herself by challenging any of the allegations that were made, which lead to her termination.

29.  Despite Ms. Ross's request, the SHA, failed to grant Ms. Ross a grievance hearing on the November 30th termination and they continue to refuse reinstate Ms. Ross's participation in the Section 8 Housing Choice Program.

30.  Ms. Ross, whose only income is four hundred and ninety-six dollars monthly, from the Department of Public Assistance and together with only food stamps, she is unable to obtain afford and suitable housing for herself and her children, now that she has lost the rental subsides of the Section 8 Housing Voucher Program.

31.  As a direct result of the determination of Ms. Ross's participation in the Section 8 Housing Choice Voucher Program, her private landlord, pursued an eviction action against Ms. Ross and her family because the Plaintiff, could not afford to continue to pay the market rent of her apartment, which is seven hundred dollars while simultaneously paying for household necessities and ordinary living expenses. In fact Ms. Ross's total income would not satisfy the monthly obligation of seven hundred dollars.  Ms. Ross's family is under an Order of Possession on the eviction action which directs that she must move by February 5, 2018.

32. Ms. Ross has been harmed and continues to suffer harm, including the loss of the rental subsidies necessary to provide her and her three children with her household needs in addition to rent, the risk and threat of homelessness in revocation of Ms. Ross's entitlement to ongoing subsidized rent pursuant to the Section 8 Housing Choice Voucher Program due to the Defendant's conduct, policies and practices.

33. Ms. Ross has no adequate remedy at law.

## VI.   CAUSES OF ACTION

### A. Unconstitutional Deprivation Of Due Process Protections Guaranteed By The Due Process Clause Of The Fourteenth Amendment.

34. Defendant's conduct, policy and practice of terminating Section 8 Housing Choice Voucher benefits to program participants without first delivering notice of termination to participants affording them the right to object to program terminations and provide the opportunity to explain their positions and defend against any allegations offered against them that could jeopardize their eligibility for housing assistance. By not affording the Plaintiff an opportunity, to be confronted by the allegations against her and giving her the opportunity for explanations on her actions, unconstitutionally violated and continued to violate Ms. Ross's Right to Due Process secured by the Fourteenth Amendment to the United States Constitution.

**B. Violation Of The United States Housing Act And The HUD Regulations Implementing The Act.**

35. Defendants' conduct, policy and practice of terminating Section 8 Housing Choice Voucher benefits to program participants without affording the participants the opportunity to object to such terminations contravene the rights of the Section 8 participant under the United States Housing Act and the regulations implementing the Act.

36. The Defendants' conduct, policy, and practice of terminating the Plaintiffs' Section 8 Housing Choice Voucher benefits without first delivering a notice of the termination and without affording Ms. Ross, any opportunity to object to such termination violated the Plaintiff's rights under the United State Housing Act and the regulations implementing the Act.

**C. Violation Of The Pennsylvania Local Agency Law.**

37. The Defendants' conduct, policy and practice of terminating Section 8 Housing Choice Voucher benefits to program participants without affording the participants the opportunity to object to such terminations and its failure to simply provide notice to the Defendant that her Section 8 Voucher benefits were being terminated contravene the rights of the Section 8 participant under the Pennsylvania Local Agency Law.

38.  The Defendants' conduct, policy and practice of terminating Section 8 Housing Choice Voucher benefits to Ms. Ross without further notice of termination to her without affording her the opportunity to object to such termination, violated Plaintiffs' rights under the Pennsylvania Local Agency Law.

## VII.  **RELIEF REQUESTED**

WHEREFORE, the Plaintiff requests this Court to enter relief as follows:

1.  Assume jurisdiction of this case.

2.  Enter a declaratory judgment against the Defendant pursuant to 28 U.S.C. §2201 and F.R.Civ.P. 47, on the grounds that its conduct, practices, policies and procedures have unconstitutionally deprived the Plaintiff her due process protections as guaranteed by the Fourteenth Amendment to the United States Constitution.

3.  Enter a declaratory judgment against the Defendant pursuant to 28 U.S.C. §2201 and F.R.Civ.P. 57, on the grounds that its conduct, practices, policies and procedures have violated the legal rights afforded the Plaintiff pursuant to the United States Housing Act, the regulations promulgated therein, and the Defendants' own Administrative Plan.

4.  Enter a preliminary and permanent injunction:

a. Enjoining Defendant from terminating Section 8 Housing Choice Voucher benefits unless and until advanced notices which contain a statement of the proposed Section 8 termination, a description of the reasons underlying the proposed termination, the rights of the participants to object to the proposed termination at an informal grievance hearing and the procedures for requesting the grievance are stated and delivered by the Defendant to the participants.

b. Directing Defendant to reinstate the Plaintiff's participation in the Section 8 Housing Choice Voucher Program retroactive to December 1, 2017

5. Award the Plaintiff monetary damages in an amount as authorized by law and as established at trial.

6. Award the Plaintiff her litigation costs and reasonable attorney's fees.

7. Grant such additional relief as may be deemed fair and proper.

Respectfully submitted,

Katie Nealon, Attorney at Law
Munley Law
227 Penn Ave.
Scranton, Pa. 18503

(570) 346-7401

John P. Bogdanovicz, Attorney at Law
North Penn Legal Services, Inc.
33 North Main Street, Suite 200
Pittston, PA  18640
(570) 299-4083

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JENNIFER ROSS,                          :        CIVIL ACTION
      Plaintiff                   :
                                 :        No. CA 18-
    vs.                                 :
                                   :
SCRANTON HOUSING AUTHORITY,             :
      Defendant                   :

## VERIFICATION

    I, Jennifer Ross, verify that the statements of fact made in the foregoing pleading are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

Date: 1-31-18

                                     Jennifer Ross

# *Scranton Housing Authority*

400 ADAMS AVENUE, SCRANTON, PA 18510
MAIN OFFICE - TELEPHONE: (570) 348-4400

EXECUTIVE OFFICES FAX:(570) 348-4442
TDD (570) 348-4415

October 27, 2017

Ms. Jennifer Ross
235 W. Parker Street
Scranton, PA   18508

Dear Ms. Ross:

On October 26, 2017 an informal hearing was held at the Scranton Housing Authority regarding your Section 8.

It has been determined by the Scranton Housing Authority that you must make the arrangements to complete your recertification and inspection of your apartment by November 3, 2017.  If this is not successfully completed your Section 8 Housing Choice Voucher will remain terminated for October 31, 2017.

Please contact John Zukauskas at 348-4448 with any questions you may have.

Sincerely,

Karl P. Lynott
Deputy Executive Director

KPL/af
cc:  Section 8 Department

Plaintiff's Exhibit A

Peggy Engle
  *Managing Attorney*

John P. Bogdanovicz
John M. Hurtt
Jesse B. Hallinan
John Byrd
Michael J. Mroczka
  *Staff Attorneys*

 **North Penn**
LEGAL SERVICES

William McLaughlin
Betty Abraham
Virginia Hrywnak
Zachary Wilson
Jessica Volkov
  *Paralegals*

Mary Ann May
  *Ombudsman/Paralegal*

December 1, 2017

Karl Lynott, Esq.
Deputy Director Scranton Housing Authority
400 Adams Avenue
Scranton, PA 18503

Re: Jennifer Ross

Dear Karl:

Jennifer Ross has contacted our office for assistance concerning the preservation of her Section 8 Housing Certificate. She indicated, that there had been a dispute centering on her niece, Tamara Buckley, who had been living with her and had just turned age 18.

Ms. Ross has informed me, that Tamara was supposed to sign documentation at your office to be included on Ms. Ross's Section 8 lease. However, Tamara Buckley has refused to do so and Ms. Ross has decided that she can no longer live in her home. Ms. Ross wanted me to inform you and the Scranton Housing Authority that Tamara Buckley has moved out of her apartment and is no longer a resident at 235 W. Parker Street in Scranton.

If you have any further questions concerning this matter, feel free to contact me at (570) 299-4083.

Sincerely,
NORTH PENN LEGAL SERVICES

_____
John P. Bogdanovicz, Esq.
Staff Attorney

JPB:lt
Enc.

cc: Jennifer Ross

## Plaintiff's Exhibit B

33 North Main Street, Suite 200 • Pittston, PA 18640 • 570-299-4100 phone • 570-824-0001 fax
To call toll-free: 855-236-6405
www.northpennlegal.org
LSC

Peggy Engle
  *Managing Attorney*

John P. Bogdanovicz
John M. Hurtt
Jesse B. Hallinan
John Byrd
Michael J. Mroczka
  *Staff Attorneys*



**North Penn**
LEGAL SERVICES

William McLaughlin
Betty Abraham
Virginia Hrywnak
Zachary Wilson
Jessica Volkov
  *Paralegals*

Mary Ann May
  *Ombudsman/Paralegal*

December 29, 2017

Karl Lynott, Esq.
Deputy Director Scranton Housing Authority
400 Adams Avenue
Scranton, PA  18503

Re: Jennifer Ross

Dear Karl:

Jennifer Ross has once again contacted our offices and informed me, that her landlord has given her an eviction notice. Apparently, the Scranton Housing Authority terminated her Section 8 voucher effective November 30, 2017. Ms. Ross told me, that she had a meeting with you and that you had given her several things that she had to comply with to continue with her Section 8 voucher. She told me, that she believes that she has met all of those conditions and is confused as to why she lost her Section 8 voucher.

On behalf of Ms. Ross, I am requesting that you schedule an informal grievance hearing so that we can discuss this matter at greater length.

If you have any further questions, feel free to contact me at (570) 299-4083.

Sincerely,
NORTH PENN LEGAL SERVICES

_____

John P. Bogdanovicz, Esq.
Staff Attorney

JPB:lt
Enc.
cc: Jennifer Ross

**Plaintiff's Exhibit C**

33 North Main Street, Suite 200 • Pittston, PA 18640 • 570-299-4100 phone • 570-824-0001 fax
To call toll-free: 855-236-6405
www.northpennlegal.org
LSC

# *Scranton Housing Authority*

400 ADAMS AVENUE, SCRANTON, PA 18510
MAIN OFFICE - TELEPHONE: (570) 348-4400

EXECUTIVE OFFICES FAX:(570) 348-4442
TDD (570) 348-4415

October 27, 2017

Ms. Jennifer Ross
235 W. Parker Street
Scranton, PA   18508

Dear Ms. Ross:

On October 26, 2017 an informal hearing was held at the Scranton Housing Authority regarding your Section 8.

It has been determined by the Scranton Housing Authority that you must make the arrangements to complete your recertification and inspection of your apartment by November 3, 2017.  If this is not successfully completed your Section 8 Housing Choice Voucher will remain terminated for October 31, 2017.

Please contact John Zukauskas at 348-4448 with any questions you may have.

*did NOT recertify* *11/14/17*
*Properly within Time Frame. as*
*per Mr.*
*Therefore*
*lynott*
*Terminated.*

Sincerely,

Karl P. Lynott
**Karl P. Lynott**
**Deputy Executive Director**

KPL/af
cc:  Section 8 Department

*Informed by MB that*
*recert was NOT completed!*

## Plaintiff's Exhibit D